IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TRACY D. JONES,            )
                           )
            Petitioner,    )
                           )
       v.                  )     1:15CV95
                           )
KATY POOLE,                )
                           )
            Respondent.    )

MEMORANDUM OPINION, ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody, together with an application to proceed *in forma pauperis*. Rule 4 of the Rules Governing Section 2254 Proceedings, states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Further, a writ of habeas corpus may only issue if a petitioner demonstrates that he is in state custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).

Here Petitioner sets out four potential claims for relief based on a prison disciplinary conviction for assaulting another inmate with a weapon or by any other means likely to produce injury. According to Petitioner, a fight between inmates occurred in a

sewing class, with his role in the altercation being to break it up. However, he alleges that the investigating officer interviewed only two inmates out of nine that she should have interviewed. These two inmates gave statements implicating Petitioner in the assault. He claims that the other inmates would have exonerated him. Petitioner sets out the following four potential claims for relief, which allege that: 1) the investigating officer did not conduct a proper investigation, 2) the two inmates the officer did interview wrote conflicting statements, 3) Petitioner should not have been charged for assaulting someone with a weapon or in a way likely to produce injury because no other inmate was injured, and 4) Petitioner is innocent of the disciplinary charge.

This Court's ability to review prison disciplinary proceedings under § 2254 is quite limited. "In a prison disciplinary hearing, an inmate has a right to advance written notice of his charges, a chance to present evidence, and a written statement from the factfinder explaining the evidence relied upon and the reasons for the ultimate decision." Reeves v. Herron, No. 1:09CV287, 2010 WL 3945115, at *4 (M.D.N.C. Oct. 6, 2010) (unpublished) (citing Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985)), recommendation adopted, slip op., No. 1:09CV287 (M.D.N.C. Nov. 3, 2010); see also Wilkinson v. Austin, 545 U.S. 209, 229 (2005). In addition, some evidence must support the factfinder's decision. Reeves, 2010 WL 3945115, at *4. Petitioner does not appear to contend that he failed to receive notice of his charges, did not have a chance to present evidence, or did not receive a written decision discussing the evidence. Instead, he seeks

to challenge the investigation of the incident and reargue the charge in this Court. Further, although he disagrees with the decision to convict him and with the weight given to the two inmate statements implicating him in the assault, he does not allege that no evidence supported the conviction. In the end, Petitioner seeks to have the disciplinary conviction retried in this Court. However, Petitioner cannot use the present preceding to relitigate or reargue the findings and conclusions from the hearing. "[I]n reviewing administrative findings under a federal habeas corpus or a section 1983 complaint, the federal courts cannot assume the task of retrying all prison disciplinary disputes," but must instead "consider whether the decision is supported by 'some facts' or 'any evidence at all.'" Haynes v. Quarterman, No. 4:07-CV-0129-A, 2008 WL 859411, at *5 (N.D. Tex. Jan. 23, 2008) (unpublished) (citing and quoting Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir.1981)). Petitioner does not claim that no evidence supported the conviction, only that the evidence was weak or faulty. In sum, it plainly appears from the Petition that Petitioner possesses no right to relief. Accordingly, *in forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 be denied and that judgment be entered dismissing the action.

This, the 18th day of May, 2015.

/s/ Joi Elizabeth Peake
United States Magistrate Judge
